1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| FIGURE EIGHT HOLDINGS, LLC, | Case No. CV 10-7828 R (AJWx) |
|---|---|
| Plaintiff, | The Honorable Manuel L. Real |
| v. | **FINDINGS OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW** |
| DR. JAY'S, INC.; WICKED FASHIONS, INC.; and DOES 1 through 10, inclusive, | |
| | Courtroom: 8 |
| Defendants. | |

Based upon the arguments and admissible evidence presented by the parties in connection with the Motion for Summary Judgment filed by defendants DrJay's.com, Inc., Fashion Studio LLC, and Wicked Fashions, Inc. ("Defendants"), the Court makes the following findings of uncontroverted facts and conclusions of law:

**UNCONTROVERTED FACTS**

1. In its Complaint, Plaintiff Figure Eight Holdings, LLC alleges that Defendants infringed the copyright in a graphic work titled "Treacherous," by selling, advertising and distributing apparel bearing a design substantially similar to "Treacherous." Complaint ¶¶ 1, 5, 11-29.

2. True and correct copies of "Treacherous" and photographs of the apparel bearing the allegedly infringing design were appended to the Complaint as Exhibits 1 and 2, and were reviewed by the Court.

**CONCLUSIONS OF LAW**

1. Pursuant to Rice Versus Fox Broadcasting Company, 330 F.3d 1170 (9th Cir. 2003), plaintiff must show two elements to prevail on a copyright infringement claim: One: Ownership of a valid copyright; and Two: Copying of constituent elements of the work that are original.

2. Because the Court concludes that defendants have not copied original constituent elements of plaintiff's work, it does not reach the issue of plaintiff's ownership of the copyright.

3. As stated in Rice Versus Fox Broadcasting Company, 330 F.3d 1170 (9th Cir. 2003), to determine whether two works are substantially similar for the purposes of summary judgment, courts in the Ninth Circuit use "extrinsic tests," which measure the "articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events."

4. A party claiming infringement may place no reliance upon any similarity in expression resulting from unprotectable elements. "Similarities derived from the use of common ideas," for example, cannot be protected.

5. And relatedly, the doctrine of *scenes a faire* holds that "expressions indispensable and naturally associated with the treatment of a given idea are treated like ideas and are therefore not protected by copyright."

6. Here, all of the elements of plaintiff's design are not eligible for protection individually because they naturally follow from facts and ideas only. Plaintiff's use of 3D lettering, stars, circles, striped lettering, and multiple colors to create a design for a brand naturally follow from ideas of and concerning words and lettering, and as such these elements are not individually protectable.

7. Further, plaintiff has not arranged these unprotected elements in such a way that the combination constitutes an original work of authorship. Rather, the unprotectable elements are arranged in conventional and predictable ways in everyday creation of advertising media. There is no "spark of creativity" warranting protection and plaintiff may place no reliance upon any similarity of arrangement.

8. Accordingly, applying the extrinsic test, there are no protectable elements to plaintiff's design or copying of an "original work of authorship."

9. Defendant's motion for summary judgment is therefore granted.

Dated: Sept. 21, 2011.

_____
Honorable Manuel L. Real
United States District Judge