UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIGURE EIGHT HOLDINGS, LLC, | Case No. CV 10-7828 R (AJWx) |
| Plaintiff, | The Honorable Manuel L. Real |
| v. | **FINDINGS OF FACTS AND CONCLUSIONS OF LAW RE DEFENDANTS' MOTION FOR ATTORNEY'S FEES** |
| DR. JAY'S, INC.; WICKED FASHIONS, INC.; and DOES 1 through 10, inclusive, | |
| Defendants. | Courtroom: 8 |

Based upon the arguments and admissible evidence presented by the parties in connection with the Motion for Attorney's Fees filed by Defendants DrJay's.com, Inc., Fashion Studio LLC, and Wicked Fashions, Inc. ("Defendants"), the Court makes the following findings of uncontroverted facts and conclusions of law:

1

## **FINDINGS OF FACTS AND CONCLUSION OF LAW**

1. In a civil suit for copyright infringement, the court may, in its discretion, award a reasonable attorney's fee to the prevailing party. 17 U.S.C. § 505. Courts may consider numerous factors in determining whether to award attorney's fees, including but not limited to: (1) the degree of success attained; (2) the non-prevailing party's objective unreasonableness; (3) the non-prevailing party's frivolousness or motivation; and (4) the need to advance considerations of compensation or deterrence. Jackson v. Axton, 25 F.3d 884, 890 (9th Cir. 1994). Courts are not bound to any specific formula in applying these factors, and may exercise their discretion in determining whether an award is appropriate. Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994). Here, analysis of the various factors indicates that an award of attorney's fees is appropriate.

Defendants prevailed on a motion for summary judgment and are, therefore, the prevailing party. See Buckhannon Board and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598, 603 (2001). Defendants achieved a complete success, resulting in the dismissal of copyright claims against them with prejudice, on the merits. Maljack Products, Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 890 (9th Cir. 1996).

Plaintiff's claim was also unreasonable because it was clear that defendant was not infringing on plaintiff's protected intellectual property due to the dissimilarity of the two graphic works. Such unreasonableness is alone sufficient to support an award of attorney's fees. Entertainment Research Group v. Genesis Creative Group, 122 F.3d 1211, 1229 (9th Cir. 1997).

While the Court does not determine whether the claims were frivolous or motivated by bad faith, attorney's fees may be awarded in absence of such factors. Apple v. Microsoft, Inc., 35 F.3d 1435, 1448 (9th Cir. 1994).

Finally, considerations of compensation and deterrence weigh in favor of granting defendants' attorney's fees. While a prevailing plaintiff is compensated

for victory through money damages or equitable remedies, prevailing defendants are left having expended funds, even in defense of unmeritorious claims. Assessment Technologies of Wisconsin, LLC, v. Wire Data, Inc., 361 F.3d 434, 436-37 (7th Cir. 2004). Thus, the Court finds that defendants are entitled to reasonable attorney's fees.

In awarding attorney's fees in cases brought under the Copyright Act, the Ninth Circuit has not mandated that the lodestar method or comparison to market rates is required. Twentieth Century Fox Film Corp. v. Entertainment Distributing, 429 F.3d 869 (9th Cir. 2005). Courts, thus, have discretion to award actual attorney's fees incurred by a prevailing party, so long as such fees are reasonably incurred. Kourtis v. Cameron, 358 Fed. Appx. 863, 867 (9th Cir. 2009). Here, defendants provided affidavits concerning the qualifications of their attorneys, detailed billing statements, and documents containing prevailing market rates for attorneys of similar skill, experience, and specialization. Defendants' actual legal fees incurred appear reasonable, and there is no basis to believe they should not be granted.

Therefore, defendants' motion for attorney's fees is granted, and defendants are hereby awarded attorney's fees in the amount of $139,610.10.

Dated: November 18, 2011

Honorable Manuel L. Real
United States District Judge

4277418.1

3